

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN 2 1 2019

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| MARY PERKINS, | § |
|     PLAINTIFF | § |
| | § |
| VS. | §    CIVIL ACTION NO. 4:18-CV-664-A |
| | § |
| NANCY A. BERRYHILL | § |
| ACTING COMMMISSIONER OF | § |
| SOCIAL SECURITY, | § |
|     DEFENDANT | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND**
**NOTICE AND ORDER**

This case was referred to the United States Magistrate Judge pursuant to the provisions of

Title 28, United States Code, Section 636(b). The Findings, Conclusions, and Recommendation

of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

**I. STATEMENT OF THE CASE**

Plaintiff Mary Perkins ("Perkins") filed this action pursuant to Section 405(g) and

1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the

Commissioner of Social Security denying her claims for a period of disability and disability

insurance benefits under Title II and supplemental security income ("SSI") benefits under Title

XVI of the Social Security Act ("SSA"). In July 2015, Perkins protectively applied for social

security benefits alleging that her disability began on September 13, 2014. (Transcript ("Tr.") 12;

*see* Tr. 191–205.) After her applications were denied initially and on reconsideration, Perkins

requested a hearing before an administrative law judge ("ALJ"). (Tr. 1–4; *see* Tr. 111–18.) An

ALJ held a hearing on May 22, 2017 and issued a decision on August 29, 2017 that Perkins was not disabled. (Tr. 9–22; *see* Tr. 28–49.) On June 7, 2018, the Appeals Council denied Perkins' request for review, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 1-5.)

## II.   STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. § 404 *et seq.*, and SSI benefits are governed by Title XVI, 42 U.S.C. § 1381 *et seq.*, of the SSA. In addition, numerous regulatory provisions govern disability insurance and SSI benefits. *See* 20 C.F.R. Pt. 404 (disability insurance); 20 C.F.R. Pt. 416 (SSI). Although technically governed by different statutes and regulations, "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and SSI." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d), 1382a(3)(A); *McQueen v. Apfel*, F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. §§ 404.1520, 416.920. First, the claimant must not be presently working at any substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. §§ 404.1527, 416.972. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Stone v. Heckler*, F.2d 1099, 1101 (5th Cir. 1985). Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt.

P, App 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if disability cannot be found based on the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). Fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. *Id.* §§ 404.1520(g), 416.920(g); *Crowley v. Apfel*, 197 F.3d 197, 197-98 (5th Cir. 1999). At steps one through four, the burden of proof is on the claimant to show she is disabled. *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of her existing impairment. *Id.*

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla but less than preponderance. *Id.* A finding of no substantial evidence is only appropriate if no credible evidentiary choices or medical findings support the decision. *Id.* This court may neither reweigh the evidence in the record nor substitute its judgement for the Commissioner's but will carefully scrutinize the record to determine if evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

### III.  ISSUES

In her brief, Perkins presents the following issues:

1. Whether the ALJ failed to properly evaluate Perkins' obesity; and

2. Whether the appointment of the ALJ complies with the Appointments Clause of the United States Constitution

(Plaintiff's Brief ("Pl.'s Br.") at 1, 6–11.)

### IV.  ALJ DECISION

In his August 29, 2017 decision, the ALJ found that Perkins met the insured status requirements of the SSA through December 31, 2020 and that Perkins had not engaged in substantial gainful activity since September 13, 2014. (Tr. 15.) The ALJ further found that Perkins had the severe impairment of "osteoarthritis of the bilateral knees." (Tr. 15). Next, the ALJ held that Perkins did not have an impairment or combination of impairments that met or equaled the severity of any impairment in the Listing. (Tr. 18.) As to Perkins' residual functional capacity ("RFC"), the ALJ stated, "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." (Tr. 18 (emphasis omitted).) Next, the ALJ found that Perkins was capable of performing her past relevant work as a Gluing Machine Feeder and Hand Cutter because such work "does not require the performance of work-related activities precluded by the claimant's RFC." (Tr. 22.) Consequently, the ALJ concluded that Perkins was not disabled. (*Id.*)

### V.  DISCUSSION

#### A. **Obesity**

In her brief, Perkins argues that the ALJ failed to discuss the impact of obesity in connection with the co-existing musculoskeletal impairments when assessing her RFC and that

this failure represents a reversible and harmful error rendering the ALJ's RFC finding unsupported

by substantial evidence. (Pl's. Br. at 6.) Specifically, Perkins states:

> The ALJ mentioned obesity but did not discuss its impact in combination with Plaintiff's arthritis, including her ability to engage in prolonged standing and walking. The ALJ stated that "there is no evidence that obesity has any impact on the claimant's ability to perform work-related activities." However, according to SSR 02-01p, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone. The ALJ's failure to explicitly consider the impact of Plaintiff's obesity when assessing her RFC thus represents a reversible and harmful error of law.

(Pl's. Br. at 7 (internal citations omitted).)

Social Security Rulings recognize that obesity, though not a listed impairment can reduce

an individual's occupational base for work activity in combination with other elements. *See* 20

C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(Q); SSR 02-1p, 2002 WL 34686281, at *5–7 (S.S.A. Sept.

12, 2002). A claimant's obesity must be considered at all steps of the sequential evaluation

process. Social Security Ruling ("SSR") 02-1p, 2002 WL 34686281, at *3. The ALJ must perform

"an individualized assessment of the impact of obesity on an individual's functioning when

deciding whether the impairment is severe." *Id.* at *4.

In this case, the ALJ, as noted by Perkins, did not find Perkins' obesity to be a severe

impairment. The ALJ, in considering Perkins' obesity, stated:

> The undersigned also considered the effect of obesity on the claimant's ability to perform work activities, in accordance with Social Security Ruling (SSR) 02-1p. While the record shows findings consistent with obesity, there is no evidence that obesity has any impact on the claimant's ability to perform work-related activities. Therefore, the undersigned finds obesity is not a "severe" impairment.

(Tr. 15.) Furthermore, the ALJ stated that Perkins testified she can do the following:

> In a typical day, she walks her two dogs three times per day for about 30 to 40 minutes each time. She goes to the park to exercise her knee and walks about 30 minutes. She helps with household chores, including cooking, washing dishes, sweeping, mopping, and cleaning up. She can shop, but her friend usually does the

> grocery shopping . . . . She could probably perform a full-time job where she has to lift no more than 20 pounds and would be on her feet at least half of the work. She has not been looking for work because she does not want to miss her doctor's appointments.

(Tr. 19.)

Although the ALJ did not go in to an in-depth discussion of the possible impacts of Perkins' obesity on her musculoskeletal impairment, it is clear that the ALJ was aware of and considered Perkins' obesity. The ALJ specifically referenced various records in the transcript that indicated Perkins' weight and/or body mass index. (*See e.g.* Tr. at 19 (referencing Exhibit ("Ex.") 8E (*see* Tr. 287), 19 (referring Ex. 1F/6/7 (*see* Tr. 399), 20 (referencing Ex. 1F/42 (*see* Tr. 434), 20 (referencing Ex. 2F/15 (*see* Tr. 460), 20 (referencing Ex. 2F/17–19 (*see* Tr. 463), 20 (referencing Ex. 2F/25 (*see* Tr. 470), 20 (referencing Ex. 5F/16, 20-21 (*see* Tr. 548, 552), 20 (referencing Ex. 6F/22 (*see* Tr. 579), and 20 (referencing Ex. 3F (*see* Tr. 521)

Based on the above, the Court finds that the ALJ properly considered Perkins' obesity in accordance with the regulations and that substantial evidence supports the ALJ's determination. Perkins has failed to identify any evidence that indicates any decrease in functionality attributable to her obesity beyond her testimony, which was considered by the ALJ and was incorporated into the RFC determination. *See, e.g., Webb v. Astrue*, No. 4:08-CV-747-Y, 2010 WL 1644898, at *10 (N.D. Tex. March 2, 2010); *Campos v. Astrue*, No. 5:08-CV-115-C, 2009 WL 1586194, at *3–4 (N.D. Tex. June 8, 2009); *Crossly v. Astrue*, No. 3:07-CV-0834-M, 2008 WL 5136961, at *5 (N.D. Tex. Dec. 5, 2008) ("Obesity is not a per se disabling impairment and Plaintiff has offered no medical evidence that her obesity actually results in these limitations or any further limitations beyond the sedentary work level found by the ALJ.") Because substantial evidence supports the ALJ's disability determination and such determination has not been shown to be a product of legal error, remand is not required. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (stating

that the court will not vacate a judgment unless the substantial rights of the party have been affected).

**B. Appointments Clause**

Perkins also argues that her case must be remanded for a new hearing because the ALJ issuing the unfavorable decision was not properly appointed in accordance with the Appointments Clause of the United States Constitution. (Pl.'s Br. at 8.) Perkins, relying on *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), claims, in essence, that the ALJ, is an officer of the United States, not a mere employee, and, consequently, according to the Appointments Clause, must be appointed by either the President, the courts of law, or the heads of departments. (Pl's Br. at 8-11 (citing United States Constitution, Art. II, s.2, cl. 2.)[1] Perkins argues that the "hiring process for ALJs used by Defendant [incorrectly] relied on a merit[-] based selection process administered by the Office of Personnel Management" in violation of the Appointments Clause. (Pl.'s Br. at 8.)

In her response, Defendant argues that, regardless of whether the ALJ was properly appointed in accordance with the Appointments Clause, Plaintiff waived such challenge by waiting to raise it for the first time before the Court and failing to raise the issue at the administrative level before the ALJ. (Defendant's Brief ("Def.'s Brief") at 4.) The Defendant, relying on the language in *Lucia*, 138 S. Ct. at 2055, that a party "who makes a timely challenge to a constitutional validity

---

[1] The relevant portion of the Appointments Clause provides as follows:

[The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the [S]upreme Court, and all other Offices of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. Const. art. II, § 2, cl. 2.

7

of the appointment of an officer who adjudicates his case is entitled to relief," argues that Perkins' failure to assert such challenge at the administrative level results in a waiver of such claim under the Appointments Clause. (Def.'s Br. at 4.)

In *Lucia*, an SEC ALJ found that Lucia had violated the Investment Advisors Act and imposed sanctions, including civil penalties of $300,000 and a lifetime bar from the investment industry. *Lucia*, 138 S. Ct. at 2050. Lucia appealed the decision to the SEC, arguing that "the administrative proceeding was invalid because [the SEC ALJ] had not been constitutionally appointed. *Id.* at 2050. After the Commission, and the Court of Appeals for the D.C. Circuit rejected Lucia's argument,[2] the United States Supreme Court reversed, finding that the Security Exchange Commission ("SEC")'s ALJs are "officers of the United States" and subject to the Appointments Clause of the United States Constitution. *Lucia v. Securities and Exchange Commission*, 138 S. Ct. at 2055. Based on this finding, the Supreme Court held that the SEC's ALJ who conducted the hearing for the claimant was not appointed in accordance with the Appointments Clause of the Constitution and remanded the case to the SEC for a hearing by either a properly appointed ALJ or the Commission itself. *Lucia*, 138 S. Ct. at 2053–55.

After the holding in *Lucia*, the majority of the district courts[3] that have decided the issue of the validity of a Social Security Administration ALJ's appointment require such issue to be

---

[2] Lucia petitioned for hearing en banc. Although the Court of appeals granted that request and heard argument on the case, "the ten members of the en banc court divided evenly, resulting in a *per curiam* order denying Lucia's claim." *Lucia*, 138 S. Ct. at 2050.

[3] *See, e.g., Marchant on behalf of A.A.H v. Berryhill*, No. 18-0345, 2019 WL 2268982, at *8 (E.D. Pa. May 28, 2019) ("We find that [claimant] failed to raise a timely Appointments Clause challenge concerning the ALJ overseeing her hearing by not raising it to the Appeals Council and that such a claim would not have been futile."); *Abbington v. Berryhill*, No. 1:17-005520-N, 2018 WL 6571208, at *9 (S.D. Ala. Dec. 13, 2018) (finding that Plaintiff "forfeited her Appointments Clause challenge to the ALJ who heard her case by failing to raise that challenge before the Social Security Administration"); *Pearson v. Berryhill*, No. 17-4031-SAC, 2018 WL 6436092, at *3–4 (D. Kan. Dec. 7, 2018) (finding Appointments Clause challenge to the appointment of the ALJ untimely because it was never raised before the agency, and observing that courts that have considered the issue have unanimously found such claims untimely when not raised at the agency level); *Faulkner v. Comm'r of Soc. Sec. Admin.*, No. 1:17-cv-01197-STA-egb, 2018 WL 6059403, at *3 (W.D. Tenn. Nov. 19, 2018) ("Plaintiff's failure to raise his Appointments Clause challenge

raised at the administrative level[4] or such claim is waived.[5]  Although the Fifth Circuit Court of

Appeals has not spoken directly on the issue, the Eastern District of Louisiana, in *Velasquez v.*

*Berryhill*, No. 17-1774-, 2018 WL 6920457 (E.D. La. Dec. 17, 2018), deemed the Appointments

Clause issue waived because it was not made before the presiding ALJ or the Appeals Council.[6]

---

at any point in the administrative process or show good cause why he did not do so forfeits his claim."); *Page v. Comm'r of Soc. Sec.*, No. 17-13716, 2018 WL 5668850, at *3–4 (E.D. Mich. Oct. 31, 2018 (denying Plaintiff's motion for leave to file an amended complaint to include a claim challenging the constitutionality of the ALJ's appointment as futile because Plaintiff failed to raise such challenge at the administration level); *Garrison v. Berryhill*, No. 1:17-cv-302-FDW, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018) ("To the extent Lucia applies to Social Security ALJs, Plaintiff has forfeited such issue by failing to raise it during her administrative proceedings."); *Williams v. Berryhill*, No. 2:17-cv-87-KS-MTP, 2018 WL 4677785, at *2 (S.D. Miss. Sept. 28, 2018) ("Plaintiff did not assert or challenge the ALJ's appointment before the agency and this claim is waived."); *Deidre T. v. Comm'r of Soc. Sec. Admin*, No. 1:17-cv-00650-RGV, 2018 WL 7823080, at *20 (N.D. Ga. Sept. 28, 2018 (finding claimant had waived her Appointments Clause challenge because she did not raise such issue to the ALJ or the Appeals Council); *Davidson v. Comm'r of Soc. Sec.*, No. 2:16-cv-00102, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018) ("Because Plaintiff did not raise her . . . constitutional challenge at the administrative level or argue that she had good cause for her failure to do so, Plaintiff has waived her challenge to the appointment of her Administrative Law Judge."); *Stearns v. Berryhill*, No. 17-CV-2031-LTS, 2018 WL 4380984, at *6 (N.D. Iowa Sept. 14, 2018) ("Because Stearns did not raise an Appointments Clause issue before or during the ALJ's hearing, or at any time before the ALJ's decision became final, [the court found] that she ha[d] forfeited the issue for consideration on judicial review."); *Davis v. Comm'r of Soc. Sec.*, No. 17-CV-80-LRR, 2018 WL 4300505, at *8–9 (N.D. Iowa Sept. 10, 2018) (finding that claimant's failure to raise the Appointments Clause issue during the administrative process "waives the claim from being raised on appeal"); *Iwan v. Comm'r of Soc. Sec.*, No. 17-CV-97-LRR, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018) ("Because [claimant] did not raise her Appointments Clause challenge before the ALJ or Appeals Council, the Court finds that she has waived this issue."); *Hugues v. Berryhill*, No. CV 17-3892-JPR, 2018 WL 3239835, at *2 n.2 (C.D. Cal. July 2, 2018) ("To the extent Lucia applies to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during his administrative proceedings."); *Holcomb v. Berryhill*, No. 17-1341-JPR, 2018 WL 3201869, at *3 n.3 (C.D. Cal. June 27, 2018) ("To the extent *Lucia* applies to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during his administrative proceedings.").

    [4] The Court notes that some courts have held that the issue must be raised before the ALJ while others have found that such issue must be raised either before the ALJ or the Appeals Council.

    [5] *But see, e.g.*, *Kellett v. Berryhill*, No. 18-4757, 2019 WL 2339968, at *7–8 (E.D. Pa. June 3, 2019) (Rice, Mag. J.) (holding that case should be remanded based on the improper appointment of the ALJ even though claimant did not raise such issue for the first time until his appeal to the Court); *Wilson v. Berryhill*, No. 18-4862, 2019 WL 2121094, at *7 (E.D. Pa. May 15, 2019 (Rice, Mag. J.) (remanding the case based on the improper appointment of the ALJ even though claimant raised issue for the first time to the district court); *Culclasure v. Comm'r of Soc. Sec. Admin.*, No. 18-1543, 2019 WL 1641192, at *12 (E.D. Pa. Apr. 16, 2019) (Kearney, J.) (remanding for a hearing before another properly appointed ALJ even though claimant did not raise issue at the administrative level); *Bizarre v. Berryhill*, 364 F. Supp. 3d 418, 425 (M.D. Pa. 2019) (Conner, C.J.).

    [6] The Court notes that Plaintiff argued, based on the reasoning set forth in the Report and Recommendation ("R&R") issued on November 2, 2018 by Magistrate Judge Timothy R. Rice in *Muhammad v. Berryhill*, Civ. No. 18-172, that her case should be remanded for a new hearing before a different ALJ. However, the Commissioner's objections to Judge Rice's R&R were sustained, and such R&R was overruled by District Court Judge Gerald Pappert on May 23, 2019. *See Muhammad v. Berryhill*, No. 18-172, 2019 WL 2248694, at *3–5 (E.D. Pa. May 23, 2019) (overruling Magistrate Judge's report and recommendation and finding that nothing about claimant's case warranted excusing his failure to timely raise his Appointments Clause challenge).

Based on the reasoning set forth in the majority opinions as well as in *Velasquez*, the Court concludes that Perkins waived her challenge to the appointment of her ALJ because she failed to timely raise such issue during the administrative process. Consequently, remand is not required on this issue.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglas v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. 636, it is hereby **ORDERED** that each party is granted until July 5, 2019 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the

10

opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

**SIGNED** June 21, 2019

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

11